**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLTON WILCOX,<br>  *Plaintiff*,<br>  v.<br>FISHERS ISLAND FERRY DISTRICT and CIVIL SERVICE EMPLOYEES ASSOCIATION LOCAL 1000,<br>  *Defendants*. | No. 3:20cv678 (MPS) |

**RULING ON UNION DEFENDANT'S MOTION TO DISMISS**

Carlton Wilcox brings this action against Fishers Island Ferry District ("FIFD"), his former employer, and the Civil Service Employees Association, Local 1000 ("CSEA"), the collective bargaining agent for FIFD employees. During his employment with FIFD, Wilcox was represented by CSEA and the terms and conditions of his employment with FIFD were covered by the collective bargaining agreement between FIFD and CSEA. As to CSEA, Wilcox alleges violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 *et seq.* (count 2); Title VII, 42 U.S.C. §§ 2000e *et seq.* (count 4); breach of the fair duty of fair representation (count 6); intentional infliction of emotional distress (count 8); and defamation (count 9). CSEA moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service, and 12(b)(6) for failure to state a claim. ECF No. 30. Because I find that the plaintiff failed to properly serve CSEA and that in any event, Connecticut's long-arm statute does not authorize the exercise of jurisdiction over it, CSEA's motion to dismiss is granted.

**I.  LEGAL STANDARD**

Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010). "To determine whether service has been satisfied, the court is permitted to look beyond the complaint." *Founders Ins. Co. v. Cuz DHS, LLC*, No. 3:17CV1476(JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017). Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff may serve a corporation as provided by the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Rule 12(b)(2)

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). To survive a motion to dismiss, a plaintiff need only provide "legally sufficient allegations of jurisdiction." *Id.* A plaintiff makes such a showing through "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.* at 567 (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). Plaintiff's jurisdictional allegations "are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 341 (S.D.N.Y. 2015) (quoting *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993)). "In the absence of a federal statute specifically directing otherwise, and subject to limitations imposed by the United States Constitution," *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016), "the court must look first to the long-arm statute of the forum state. If the exercise of jurisdiction is appropriate

under that statute, the court must decide whether such exercise comports with the requisites of due process." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)(internal citations and quotation marks omitted).

## II.  DISCUSSION

### A.  Service

CSEA moves to dismiss the complaint under Rule 12(b)(5) on the grounds that Wilcox's attempt to serve it by serving the Connecticut Secretary of State was improper under Connecticut law.  ECF No. 30-12 at 19, ECF No. 38-1.  Pointing out that the operative complaint pleads that it is a non-profit corporation organized under New York law, ECF No. 26 at ¶ 4, CSEA argues that the plaintiff failed to comply with the method for service specified in Connecticut's long-arm statute applicable to foreign corporations, Conn. Gen. Stat. § 33-929.  ECF No. 30-12 at 16.

In response, Wilcox maintains that because CSEA is a labor union, it is a "voluntary association."  ECF No. 38 at 28. He posits that Connecticut courts have "regularly identified labor unions as 'voluntary associations' for purposes of the service of process statute," *id.*, and argues that the statute governing serving such associations, Conn. Gen. Stat. § 52-57(e)[1], which authorizes service on the Secretary of State, applies.  ECF No. 38 at 29.  Because he served the Secretary of State in compliance with § 52-57(e), he contends, service was proper.

---

[1] Conn. Gen. Stat. § 52-57(e) provides in pertinent part:

> In actions against a voluntary association, service of process may be made upon the presiding officer, secretary or treasurer. If all of such officers are not residents of the state and the voluntary association is doing business, acting or carrying out its operations or its functions within the state, the voluntary association shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against it may be served upon the Secretary of the State and that the process shall have the same validity as if served personally upon the presiding officer, secretary or treasurer of the voluntary association.

Wilcox is bound, however, by the allegation in his complaint that CSEA is a non-profit corporation organized under New York law. *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)(allegations in complaint are judicial admissions by which plaintiff is "bound throughout the course of the proceeding" (internal quotation marks omitted)).   And in any event, the declaration of Sergio Diaz, submitted by CSEA, confirms that CSEA is a New York corporation, ECF No. 30-6 at ¶ 3, and Wilcox submits no contrary evidence.  Moreover, the case law Wilcox cites is inapposite because there is no suggestion that the labor unions in those cases were organized as corporations, as in this case. *See, e.g., Norwalk Teachers' Ass'n v. Bd. of Ed. of City of Norwalk*, 138 Conn. 269, 271 (1951) (plaintiff was a voluntary association); *FitzSimmons v. Int'l Ass'n of Machinists*, 125 Conn. 490, 493 (1939) ("The defendant pleaded . . . that it is a voluntary association."); *Bd. of Educ. of Town of Wallingford v. Local 1282, Dist. 1, Commc'ns Workers of Am., AFL-CIO*, 31 Conn. App. 629 (1993) (the defendant labor union was a "voluntary organization").  Wilcox's argument that service was proper under § 52-57(e) fails.

In the alternative, Wilcox asserts that even if CSEA is a foreign corporation, he properly effected service because he sent the summons and complaint via certified mail to CSEA's Long Island Region 1 office in compliance with Conn. Gen. Stat. § 52-57(c).  ECF Nos. 38 at 29, 38-1. But neither Section 33-929 nor Section 52-57(c) recognize this as proper service.  A foreign corporation that, like CSEA, does not have a registered agent in Connecticut may be served under Section 33-929 by registered or certified mail addressed to the secretary of the corporation at its principal office.  Conn. Gen. Stat. § 33-929(b).  For its part, Section 52-57(c) provides that, "service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier,

4

the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."

Wilcox's attempted service does not comply with either of these statutes. The proof of service indicates that the service packet was not addressed to anyone, much less one of the officers specified in the two statutes, and that it was mailed to a satellite office of CSEA rather than its principal office. ECF Nos. 38-1, 41 at 8. That is not proper service under Section 33-929 or Section 52-57(c). Wilcox fails to point to any statute authorizing him to serve a foreign corporation in the manner he did here. He has not met his burden of proving adequate service.

B.  Personal Jurisdiction

Even if service had been proper, CSEA argues, the complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. ECF No. 30-12 at 16. CSEA contends that the allegations set forth in Wilcox's complaint do not show that personal jurisdiction exists over it under Connecticut's long-arm statute, Conn. Gen. Stat. § 33-929(f).

Wilcox responds that personal jurisdiction is appropriate under subsections (f)(1) and (f)(4) of the statute.

Conn. Gen. Stat. § 33-929(f) authorizes jurisdiction over a foreign corporation on any cause of action arising: "(1) [o]ut of any contract made in this state or to be performed in this state; " or "(4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

As to subsection (f)(1), the contract at issue, the collective bargaining agreement ("CBA"), is between two entities, FIFD and CSEA, each created under New York law. ECF No. 26 at ¶¶ 2,

4. The CBA provides that it is "made and entered into in the State of New York" and is governed by New York law. ECF No. 30-7 at 26. Wilcox does not allege or submit any evidence that he has satisfied the first clause of § 33–929(f)(1), *i.e.*, that the CBA was made in Connecticut. Rather, Wilcox contends that the CBA was to be "performed" in Connecticut, thereby triggering the second part of § 33-929(f)(1). ECF No. 38 at 27. Specifically, he argues that the acts and/or omissions underlying his claims against CESA "arise out of a contract to be performed within the State of Connecticut." ECF No. 38 at 27.

In the amended complaint, Wilcox alleges he performed some of his job functions in Connecticut and that certain of the alleged acts of discrimination by FIFD occurred there. ECF No. 26 at ¶¶ 10, 22. CSEA allegedly failed to respond properly to his grievance or take corrective action because some of its members were engaging in harassing conduct and/or making the contested employment decisions. *Id.* at ¶¶ 49, 51, 58. Despite "knowing of the alarming and deleterious treatment of" Wilcox, CSEA "abandoned its obligations … to represent him and chose rather FIFD's interests over one of its constituent members." *Id.* at ¶ 59. CSEA, with FIFD, cancelled the originally scheduled meeting under Article 11 of the CBA without consulting Wilcox and then rescheduled the meeting to April 4, 2019. *Id.* at ¶¶ 80, 85. At the April 4, 2019 meeting, held in Fisher's Island, New York, a CSEA representative, who was there to represent Wilcox as a member of CSEA, "engaged in a vitriolic attack of Mr. Wilcox", saying he did not want to return to work for FIFD but instead was looking for a golfing vacation. *Id.* at ¶¶ 88, 89. The union representative's statements were made with reckless disregard for the truth. *Id.* at ¶ 90. The representative "joined in the effort of FIFD to disparage Mr. Wilcox" and terminate his employment. *Id.* at ¶ 92. "CSEA never pursued a grievance or review of [FIFD's] disciplinary

actions." *Id.* at ¶ 93. In failing to do so, CSEA discriminated against Wilcox on the basis of his sexual preference and for engaging in protected activity. *Id.* at ¶ 94.

Wilcox asserts the following causes of actions against CSEA: violation of CFEPA, Title VII, breach of the duty of fair representation, intentional infliction of emotional distress, and defamation. None of the allegations suggest that any of these causes of action arose out of a contract to be performed in Connecticut. The complaint alleges that CSEA, a New York corporation with a place of business in New York, received a grievance or complaint filed by the plaintiff or was made aware of FIFD's discriminatory acts - some of which were committed in Connecticut - against him and took no action, and made false statements about him at a meeting in New York. The fact that the Plaintiff and other FIFD employees worked in Connecticut, however, does not mean that the CBA called for performance of the duties of the union representing them to be in Connecticut. And Wilcox points to nothing in the CBA itself suggesting that it was to be performed in Connecticut.

Insofar as Wilcox alleges that personal jurisdiction exists under subsection (f)(4), the amended complaint contains no allegations that CSEA itself (as opposed to FIFD) committed tortious acts in Connecticut. Wilcox alleges he suffered from discriminatory acts in Connecticut committed by FIFD employees, and that CSEA, after being made aware of those acts, failed to investigate or represent him and, at a meeting in Fisher's Island, New York, defamed him. This does not place CSEA's conduct in Connecticut.[2]

---

[2] Conn. Gen. Stat. § 33-929(f)(2) also authorizes jurisdiction over a foreign corporation on any cause of action arising: "out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . . ." Wilcox states, without more, that CSEA "consistently solicits and registers new members who reside and work in this State," ECF No. 38 at 27, but that is not alleged in the operative complaint and, in any event, there is no suggestion that any of the

### III. CONCLUSION

For these reasons, CSEA's motion to dismiss (ECF No. 30) is granted. The Clerk is instructed to terminate CSEA as a defendant in this case.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       March 1, 2021

---

causes of action in the complaint arose out of such solicitation and registering of new members who are Connecticut residents.